Nott, J.,
dissenting':
As in a building contract the work-may be subject to the approval of a designated architect or engineer, so in these cases the statute in effect, if not in terms, requires that the commissioner’s services in making docket entries should be subject to the approval ot the court' for which the work was done. But as a separate approval for every petty service covered by a $2 or $3 fee would be a public inconvenience, the statute authorizes the presentation for approval and payment to be by “ accounts,” and the order approving or disapproving is to be of “ the account.” (18 Stat. L., 333.)
When two parties, by usage or agreement, resort to an account as a means for settlement and payment, the account becomes the unit and its items fractions. On the one hand, the plaintiff cannot split up an account of a hundred items into a hundred causes of action and bring a suit on each; and on the other hand, the statute of limitations does not begin to run till the end of the account, the date of its last item. So, too, an action may be brought on an account stated, and m such actions the account is treated as an entirety.
In these cases of service rendered by United States commissioners, I have no doubt that the circuit and district courts may make regulations for the presentation of the accounts by *327 the term, by the quarter, semi-annually, or annually; but in. the absence of such regulations, the service rendered during a fiscal year constitutes an account.
All governmental matters of account are based on the! fiscal year or parts of it. Appropriations are made for fiscal years and lapse with fiscal years, and it is the policy of the Government not to have accounts overrun a fiscal year and mingle with the accounts of subsequent fiscal years.
The statute of limitations is a necessary, wise, and salutary act, but it is not to be stretched to cover doubtful cases, nor to exclude a judgment upon the merits where a judgment upon the merits would be recovered in a like case in another court. I am therefore of the opinion that the claimant should recover for the services rendered during the fiscal year ending June 30, 1879.
Davis, J., was absent when this case was heard and took no part in the decision.